IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTOR WATKINS, | ) |
|         Plaintiff, | ) |
| vs. | ) Civil Case No.   08-70-DRH-PMF |
| JAMES NIELSON, | ) |
|         Defendant. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant's motion to dismiss for Rule 37 violation (Doc. No. 53). The motion is opposed (Doc. No. 58).

On November 10, 2008, the parties were instructed to complete discovery by June 19, 2009 (Doc. No. 28). Although the schedule provided ample time to complete discovery, the deadline was not met due to plaintiff's intermittent failure to maintain contact with his appointed counsel. On November 17, 2009, defendant served interrogatories and a request for production of documents. Plaintiff did not serve his responses in a timely manner. On January 22, 2010, defendant moved for discovery sanctions. That motion was granted, and plaintiff was ordered to serve "full and complete discovery responses" within ten days. Objections were deemed waived, and plaintiff was warned that failure to comply would be viewed as an admission that he is no longer interested in prosecuting this action and that his case could be dismissed with prejudice for want of prosecution.

Plaintiff served his answers to interrogatories and his response to the request for production on February 1, 2010. The responses are problematic. Plaintiff did not sign his answers or attest to their validity. Fed. R. Civ. P. 26(g), 33(b)(5). Also, plaintiff's responses to Interrogatory Nos. 1,

3, 4, 5, 6, 7, 8, and 10 are incomplete and/or evasive and/or illegible.  Furthermore, documents were not produced or tendered for inspection.

Meanwhile, a final pretrial conference was scheduled for February 19, 2010.  Plaintiff was instructed to appear in person with his appointed counsel.  Plaintiff did not appear as ordered, due to reported financial constraints (Doc. 49).  His absence impaired the undersigned's efforts to assist in negotiating a  settlement.

Sanctions are appropriate pursuant to Rule 37(b) (2) and 16(f), which further authorizes sanctions when a party fails to obey a scheduling order.  Fed. R. Civ. P. 37(b)(2), 16(f).  As outlined above, plaintiff's participation has been characterized by failure to abide by the scheduling order, the procedural rules, and the Court's discovery order.  The persistent nature of the problem suggests an element of willfulness, and plaintiff's conduct has impeded defense efforts to evaluate evidence and prepare for trial.  It does not appear that plaintiff is in a position to pay defense counsel's expenses, which might be an alternative to the sanction of dismissal.  Also, a lesser sanction – such as an order prohibiting plaintiff from introducing medical evidence – would be the practical equivalent to dismissal in these circumstances.  *See Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

IT IS RECOMMENDED that defendant's motion to dismiss (Doc. No. 53) be GRANTED.  This action should be dismissed as a sanction for plaintiff's failure to comply with discovery and scheduling orders.

SUBMITTED:   March 31, 2010  .

  S/ Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**