IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VICTOR WATKINS,

    Plaintiff,

v.

JAMES NIELSON,

    Defendant.                               Case No. 08-cv-70-DRH-PMF

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

        Before the Court is Plaintiff's Objections (Doc. 66) to the Report & Recommendations ("R&R") (Doc. 62), issued pursuant to **28 U.S.C. § 636(b)(1)(B)** by United States Magistrate Judge Frazier. The R&R concluded, based on the Magistrate Judge's review of the record and the applicable law, that Plaintiff repeatedly failed to comply with discovery and scheduling orders, and thereby recommended granting defendant James Nielson's Motion to Dismiss as Sanctions for Rule 37 Violation (Doc. 53).

        Because timely objections have been filed, this Court must undertake *de novo* review of the objected-to portions of the R&R. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject, or modify the recommended decision." *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the

evidence contained in the record and give fresh consideration to those issues for which specific objection has been made. ***Id***. However, the Court need not conduct a *de novo* review of the findings of the R&R for which no objections have been made. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**. Instead, the Court can simply adopt these findings.

Defendant's Motion to Dismiss arose as the culmination of what appears to the Court as his frustrated efforts to obtain discovery responses from Plaintiff. As Defendant states in his Motion (Doc. 53), Interrogatories and Requests for Production were sent to Plaintiff on November 17, 2009. Because Plaintiff did not timely respond or otherwise seek an extension, on January 22, 2010, Defendant filed a Motion for Discovery Sanction Under Rule 37 (Doc. 44), asking the Court to issue an order compelling Plaintiff to respond to the written discovery. On January 27, 2010, the Court issued a ruling (Doc. 45), granting the motion and ordering Plaintiff to serve full and complete responses to Defendant's written discovery within ten days. The order further stated that "Plaintiff is WARNED that failure to comply with this order will be deemed an admission that Plaintiff is no longer interested in prosecuting this case and that the case may be dismissed with prejudice for want of prosecution" (Doc. 45). Although Plaintiff timely sent his responses to Defendant's written discovery, he failed to give "full and complete responses" as ordered by the Court. Defendant asserts that he is unable to prepare an adequate defense without the necessary information sought by his written discovery requests. Therefore, pursuant to the Court's January 27, 2010 Order (Doc. 45), he has filed the instant

Motion to Dismiss (Doc. 53).

In his Objections to the R&R (Doc. 66), Plaintiff's court-appointed counsel explains that although she initially had difficulties in contacting Plaintiff after he was released from incarceration on February 26, 2009, she now believes she has the cooperation of Plaintiff and that he should be allowed to proceed with his suit. The Objections also state that his attorney believes that since his release from prison, Plaintiff has been hospitalized for his schizophrenic symptoms and his counsel further believes that Plaintiff's mental condition has contributed to his incomplete and untimely discovery responses.

The Court has reviewed relevant pleadings, orders, discovery responses and finds that although this is a *de novo* review, because this issue deals with discovery matters and discovery disputes that have been specifically handled by the Magistrate Judge, he is in the best position to know all the difficulties he has had in trying to marshal the discovery in this case. From reviewing the record, it is clear that the discovery responses from Plaintiff are incomplete and the efforts of the Magistrate to manage the litigation have been thwarted by Plaintiff (despite the diligent attempts of his counsel) who violated court orders willfully. One cannot file litigation, put a defendant to great expense, waste considerable resources of the Court and the State, thumb One's nose at court orders, have the Magistrate sign an R&R recommending dismissal and then upon the speculative belief of counsel that she now at long last has the cooperation of her client, expect the Court to find that somehow the R&R is incorrect. Further, given that this is a *de novo* review, the

Court finds that the arguments of Defendant and the supporting evidence warrant a dismissal of Plaintiff's claims with prejudice as an appropriate discovery sanction pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 37**. Plaintiff was warned by the Court previously and chose his actions accordingly, the consequence of which has resulted in a dismissal.

For the reasons stated herein, the Court hereby **ADOPTS** the findings and conclusions of the R&R (Doc. 62) and **GRANTS** Defendant's Motion to Dismiss as Sanctions for Rule 37 Violation (Doc. 53). As such, Plaintiff's claims against defendant James Nielson are hereby **DISMISSED WITH PREJUDICE**. The Court also notes that the other co-defendants in this case, Lee Ryker and Maggie Brian, were previously dismissed, without prejudice, from this suit as part of the Court's threshold review and referral order (Doc. 7). However, because Plaintiff has not subsequently sought leave to amend his claims against them to demonstrate their personal responsibility, his claims against Ryker and Brian are hereby **DISMISSED WITH PREJUDICE**. The Clerk shall enter judgment and close the case file.

**IT IS SO ORDERED**.

Signed this 11th day of May, 2010.

/s/ David R Herndon

**Chief Judge
United States District Court**